## Commonwealth v. Rizzuto

*Luria & Still,* for petitioner.

*Robert I. Shadle,* assistant district attorney, for Commonwealth.

ANDERSON, J., July 13, 1942.—In this case the district attorney of York County entered suit against Frank Rizzuto on a bond which had been filed in a support proceeding wherein Thomas Watts was the principal and Frank Rizzuto was surety, conditioned that Thomas Watts would comply with the order of support made by the court directing him to pay $4 a week for the support of his minor daughter, Donna Watts. Defendant Rizzuto filed a petition requesting a stay of the proceedings until 60 days after the said Thomas Watts shall have been discharged from the military service of the United States Government, pursuant to the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, 50 U. S. C. Appendix, 501 et seq. A rule was granted on the petition, an answer was

filed, and after oral argument thereon the matter now comes on for disposition.

The facts are that on September 15, 1941, Thomas Watts was ordered and directed to pay to L. D. Keesey, probation officer, the sum of $4 per week for the support of his daughter, Donna, and to file a bond in the amount of $500 to insure his compliance with the order. On November 7, 1941, Watts as principal and Rizzuto as surety filed the required bond. On March 21, 1942, Thomas Watts was in default in the payments on the support order in the amount of $32 and suit was thereafter entered on the bond. On March 25, 1942, Watts entered the military service of the United States and at the time the petition was filed was stationed at Camp Lee, Va. It is to be noted that the arrearages in the support order were incurred prior to Watts entering the military service.

Defendant seeks relief under paragraph 103 of said act, which gives the court discretion to stay or set aside orders, judgments, etc., so far as they apply to sureties, guarantors, or endorsers, when the said judgments or orders may be set aside as to the principal because of the fact that the principal is in the military service and also under paragraph 203 of said act, which gives the court authority to stay an execution or order entered against a person in military service.

The intent of the Soldiers' and Sailors' Civil Relief Act, supra, is to protect persons in the military service of the United States and to prevent prejudice to their civil rights during their terms of service by making provision for the temporary suspension of legal proceedings and transactions relating thereto. It is to be noted that as to those in the military service the act is mandatory in certain cases and provides that the court shall vacate or stay execution, attachments, etc., but as to sureties and those secondarily liable the extension of the relief granted by the act is entirely discretionary with the court. In the instant case there would seem to

be no good reason for releasing defendant Rizzuto from liability on the bond. He signed the bond more than a year after the act under discussion was in effect and is chargeable with knowledge that Watts might enlist or be inducted. By signing the bond he prevented Watts from being incarcerated for failure to comply with the order and in so doing he in effect promised that if Watts did not pay the order of support for his child, he, Rizzuto, would do so. It would be a strange doctrine now to say that since the child's father is in the military service the child no longer needs support. Especially is this true since the defaults in the payment of the order occurred before Watts entered the service. It has been held in other jurisdictions, and very properly so, we think, that support to a wife would not be modified merely because the husband was in the military service: Clarke v. Clarke, 25 N. Y. S. (2d) 64 (1941). And this court has held, in an opinion filed this date in the quarter sessions court (Commonwealth v. Watts, — D. & C. ——), that Watts himself is not relieved from the order of support merely because of his military service. It follows necessarily that if the principal is still liable the surety should not be relieved from his legal liability on the bond filed to insure the performance by the principal. Support orders, however, must necessarily vary and are subject to change with the income and ability to pay of the one liable for the support. If, therefore, the court decides upon proper evidence that Watts is unable because of military service to pay the amount of the order heretofore imposed and it is therefore reduced in the quarter sessions court, it will be only proper to also reduce the amount due from the bond to that extent. Pursuant to these conclusions the rule must therefore be discharged.

And now, to wit, July 13, 1942, the rule granted to show cause on the petition to stay and suspend action on the bond of Frank Rizzuto is discharged.